ROBERTSON v. ROUTZAHN, Collector
of Internal Revenue.
No. 16735.

District Court, N. D. Ohio, E. D.
June 28, 1932.

356

Dustin, McKeehan, Merrick, Arter & Stewart (now McKeehan, Merrick, Arter & Stewart), of Cleveland, Ohio, for plaintiff.

W. J. Mahon, U. S. Atty., of Cleveland, Ohio, for defendant.

JONES, District Judge.

By written stipulation, this case was tried and submitted for determination without the intervention of a jury. As the issues were finally made up, a single question was presented upon which the plaintiff's right of recovery depends.

What was the fair market value as of March 1, 1913, of the 700 shares of the common stock of the Firestone Tire & Rubber Company sold by the plaintiff in 1925?

On the basic date, this stock was unlisted, but was traded in on the Cleveland Stock Exchange in small lots. If such sales alone furnish the sole basis for determining gain or loss permitted by the statute, I should find the fair market value to have been approximately $300 per share as of March 1, 1913. It is true that there was not a large number of the total shares outstanding available for trading. The stock was closely held by officers of the company, and there was a considerable number of shares transferred on the books of the company which were not sold through the Stock Exchange. It is also true that the plaintiff himself placed the value of the shares at substantially the actual 1913 bid price in his 1923 and 1924 returns.

Two hundred thirty-five shares of the stock were sold through the Cleveland Stock Exchange over the period January 8, 1913, to April 28, 1913, in lots of from five to fifty shares, for a price ranging from 222½ to 350½ per share. The sale of the largest number of the shares during that period was in March at a price ranging from 283½ to 295½ per share. By far the largest number of the whole number of shares traded in appeared to have been on the plaintiff's account. I think that the limited number of sales of shares in the early months of 1913 do not conclusively fix a fair market value for determining gain because the statute provided that due regard should be given to the fair market value of the assets as of the basic date; but such sales should not be wholly disregarded in determining value of stock as of a certain date. The consideration of its value in subsequent years should not be given much weight beyond an immediate and restricted period. What the potential value of a stock on the basic date may have been is speculative without the consideration of subsequent events presently too uncertain to be reliable. The test is not the prospective or hoped for value, but it is what under then prevailing and pertinent circumstances was the fair market value, giving due regard to the fair market value of the assets as of the basic date.

What were the fair market values of stocks in the fall of 1929, gauged by the then promising but unknown future? In the fall of 1929, a willing seller and an intelligent buyer would have traded on the basis of continued business expansion on a tremendous scale. There are too many "ifs" in measuring present values by future fruition. Fixing past values by subsequent events is not, in the nature of things, a reliable basis. Looking backward after the future is known is not a fair test. The value as of the basic date is not what the owner believes it to be worth, but what is it fairly worth in an intelligent and open trade? The statute fixes not the fair value, but the fair *market* value. This means what it is fairly worth as a marketable security or equity to be bought and sold in the course of business; something for which there is supply and demand and interested buyers and sellers.

The value as of March 1, 1913, cannot be enhanced by the restoration of excessive depreciation disallowed by the Commissioner years afterwards. The value as of that date was based upon the asset value as the records stood. The fair market value as of a given date may not be increased by a subsequent increment not calculated or anticipated at the time, and which rested, not upon any claim made by the company, but upon an adverse, arbitrary ruling by the Commissioner.

Upon due consideration, it is my opinion that the formula provided by appeal and review memorandum 34, and as applied by the Commissioner (Plaintiff's Exhibit No. 24), best reflects the fair market value of the stock in question. I think the fair market value as of March 1, 1913, was not in excess of $431.85 per share, as determined by the Commissioner, and probably, more accurately, lower, when due consideration is also given to actual sales and quoted market prices as of and shortly prior to the basic date.

Judgment may be entered for the defendant, and special findings of fact and conclusions of law may be submitted.